**Emory WOODS, Petitioner,**

v.

**Walter E. CRAVEN, Warden, Folsom State Prison, Respondent.**

**Civ. No. 68-460.**

United States District Court
C. D. California.

Jan. 28, 1969.

———◆———

Emory Woods, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., and Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner is a state prisoner who was convicted in the Los Angeles Superior Court on December 10, 1964, and was sentenced to the state prison for the statutory term. The judgment was affirmed on appeal in a published opinion. People v. Woods, 239 Cal.App.2d 697, 49 Cal.Rptr. 266 (1966). A petition for rehearing was denied on February 14, 1966. The California Supreme Court denied petitioner a hearing on March 22, 1966, and the United States Supreme Court denied certiorari. People v. Woods, supra, *cert. denied,* 385 U.S. 950, 87 S.Ct. 325, 17 L.Ed.2d 228 (1966). Petitioner then sought habeas corpus from the California Court of Appeal, Third Appellate District. This was denied in a published opinion. In Re Woods, 256 Cal.App.2d 748, 64 Cal.Rptr. 382 (1967). A petition for rehearing was denied on January 3, 1968, and the petitioner's application for a hearing by the California Supreme Court was denied January 31, 1968.

Petitioner alleges:

1) That he was the victim of an illegal search and seizure in that there was no probable cause for the arrest and that the subsequent search and seizure was not consented to;

2) That statements were illegally admitted into evidence under the rule of People v. Dorado, 62 Cal.2d 338, 42 Cal. Rptr. 169, 398 P.2d 361 (1965);

3) That his trial counsel was incompetent and ineffective in that he failed to object to the admission into evidence of the abovementioned statements.

After reviewing the Petition for Writ of Habeas Corpus, the Response, petitioner's Traverse (and Addendum) in opposition to respondent's Response, petitioner's Amended and Supplemental Pleadings, the Clerk's and Reporter's Transcripts on Appeal, and the arguments and authorities set forth by the parties, this Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the reasons hereinafter stated.

All of the allegations which are asserted in the present petition were considered by California state courts and

were determined to be without merit. Two of these courts, the District Courts of Appeal for the Second and Third Appellate Districts, set forth the reasons for their conclusions in written opinions. People v. Woods, 239 Cal.App.2d 697, 49 Cal.Rptr. 266 (1966), and In Re Woods, 256 Cal.App.2d 748, 64 Cal.Rptr. 382 (1967), respectively. Petitioner has not overcome the presumption that the conclusions expressed in these opinions are correct, pursuant to 28 U.S.C. § 2254(d):

> "In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction * * *, evidenced by a * * * written opinion, * * * shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear * * * (6) that the applicant did not receive a full, fair and adequate hearing * *; or (7) that the applicant was otherwise denied due process of law * *; (8) or unless that part of the record * * * in which the determination of such factual issue was made, * * * is produced * * * and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record * * *."

From this Court's examination of the record of the proceedings in the State courts, it appears that the petitioner's allegations have been adequately litigated, that the state process has given fair consideration to the issues and the evidence and has made a determination which is supported by substantial evidence. This Court is satisfied that the abovementioned State court decisions were fairly rendered, and that a just determination of this controversy has been reached.

For the foregoing reasons, and it appearing that an evidentiary hearing is not required, this Court finds that the petitioner is not entitled to relief.

Therefore, it is hereby ordered that the petition for writ of habeas corpus be, and the same is, denied.